IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERORY COLBERT, ID # 938992, )<br>    Petitioner, )<br>vs. )<br>    )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:08-CV-2119-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his May 19, 2000 convictions for murder and aggravated assault in Cause Nos. F99-71264 and F99-71092. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

The events underlying petitioner's convictions for murder and aggravated assault occurred on April 18, 1999, following a disturbance at a convenience store. *See Colbert v. State*, 56 S.W.3d 857, 858 (Tex. App. – Corpus Christi 2001), *rev'd on other grounds*, 108 S.W.3d 316 (Tex. Crim. App. June 18, 2003). At trial, three witnesses testified that petitioner "was not the individual shooting the handgun", but a jury found petitioner guilty on the testimony of a single eyewitness –

Katrina Jones, "an acquaintance of" petitioner, who testified that she saw petitioner fire the handgun. *See id.* at 858 & n.3. Petitioner was sentenced to forty-five and twenty years imprisonment to run concurrently. (Pet. Writ of Habeas Corpus (Pet.) at 2.).

After the court of appeals affirmed his convictions on direct appeal, *see Colbert v. State*, Nos. 13-00-403-CR, 13-00-404-CR, 2003 WL 22023653, at *1 (Tex. App. – Corpus Christi, Aug. 29, 2003, pet. ref'd), the Court of Criminal Appeals refused his petitions for discretionary review on December 15, 2004, *see* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/casesearch .asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Colbert%2C+Derory&Style_2=& COACaseNumberNo= (accessed December 3, 2008) (official internet site of the Texas Court of Criminal Appeals) (follow links to ultimate disposition).

On January 3, 2007, petitioner filed state applications for writ of habeas corpus to challenge his convictions. *See Ex parte Colbert*, Nos. WR-69,831-01, WR-69,831-02, 2008 WL 4183349, at *1 (Tex. Crim. App. Sept. 10, 2008) (per curiam). In a memorandum in support of those state applications, petitioner stated that (1) he, Jomescia Scarborough, Troy Hall, and Gerald "Jick" Stewart went to investigate the disturbance at the convenience store; (2) Jick was the shooter; (3) Scarborough, Antoinette Stewart, and Kathy Nash testified at trial that petitioner was not the shooter; (4) Jones was the only witness who testified that petitioner was the shooter, but she "claimed that, from the breezeway of [nearby] Apartments, she could see across the wide double street, with DART tracks in the middle, that it was definitely DeRory Colbert (a person that she only knew 'of') that she saw shooting the gun"; (5) the jury convicted him "despite significant contradictory evidence, including the fact that the shooter had an Afro hair style (which fit the description

of 'Jick' but not DeRory"; and (6) recent investigation led to an affidavit from Hall who was with petitioner on the day of the shooting. (*See* Ex. A attached to Petr.'s Mem. Supp. [hereinafter Mem. Supp.]) With his state habeas applications, petitioner also provided the affidavit from Hall, who identifies Jick as the shooter, and avers that petitioner had nothing do to with the shooting. (*See* Aff. attached to Mem. Supp.) On September 10, 2008, the Court of Criminal Appeals denied the writs. *Ex parte Colbert*, 2008 WL 4183349, at *1.

Petitioner filed the instant federal petition on November 26, 2008, when he signed and placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that (1) he received ineffective assistance of trial counsel when his attorney failed to interview witnesses; (2) he received ineffective assistance of appellate counsel when his attorney failed to raise a claim of insufficient evidence on direct appeal; (3) he is actually innocent and his attorneys failed to raise the issue in state court. (Pet. at 7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his convictions, the Texas Court of Criminal Appeals refused his petitions for discretionary review on December 15, 2004, and petitioner filed no petition for writ of certiorari. In such cases, the state convictions become final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petitions for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup. Ct. R. 13. Thus, petitioner's convictions became final on March 15, 2005.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's convictions became final. Each of the claims are based upon facts that petitioner would have known well before the Court of Criminal Appeals refused his petitions for discretionary review.

Because petitioner filed his November 26, 2008 petition more than one year after his convictions became final, a literal application of § 2244(d)(1) renders the filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state applications for writ of habeas corpus on January 3, 2007, the one-year period of limitations had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed November 26, 2008.

In addition, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

2000) (recognizing that statute of limitations is subject to equitable tolling). Although petitioner claims to be actually innocent of the crimes for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. Although Hall's testimony would support the three witnesses who testified that petitioner was not the shooter, it does not make it more likely than not that no reasonable juror would have found him guilty. A reasonable juror could certainly have convicted petitioner on the testimony from Ms. Jones even had Hall testified at trial. The jury had already rejected testimony from three individuals that petitioner was not the shooter. Petitioner presents nothing to show that a reasonable juror could not have likewise rejected Hall's testimony. The substance of Hall's testimony was placed before the jury through other witnesses. Petitioner has provided no new evidence which carries the heavy burden set forth in *Schlup*.

In any event, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). By taking more than a year after the Court of Criminal Appeals refused his petitions for discretionary review to file his state

applications for writ of habeas corpus, and approximately ten weeks after denial of those writs in September 2008 to file the instant federal petition, petitioner has not diligently pursued federal habeas relief.

Because neither statutory nor equitable tolling save petitioner's November 26, 2008 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 3rd day of December, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE